# **Important Privacy Notice**

Federal Rule of Civil Procedure 5.2 prohibits litigants in a non-habeas proceeding from submitting documents that contain personal information. Unless the Court orders otherwise, personal identifying information in Court filings must be limited as follows:

• Social security numbers, taxpayer-identification numbers, and financial **account numbers must include only the last four digits** (e.g., xxx-xx-1234)

• Birth dates must **include the year of birth only** (e.g., xx/xx/2000)

• Names of persons under the age of 18 must be indicated by **initials only** (e.g., A.B.)

You are responsible for protecting the privacy of this information in your filings. If your documents, including attachments, contain any information that does not comply with this rule, please black out that information before sending your documents to the Court.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Justin Mohn

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

United States of America,

U.S. Attorney's Office,
and

Attorney General of the United States

**COMPLAINT**

Jury Trial:  ☐ Yes   ☒ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.   **Parties in this complaint:**

A.   List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff   Name                Justin Mohn
            Street Address      145 Upper Orchard Drive
            County, City        Bucks County, Levittown
            State & Zip Code    Pennsylvania, 19056
            Telephone Number    267-370-6608

Rev. 10/2009

B.    List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name: U.S. Attorney's Office
Street Address: 615 Chestnut Street, Suite 1250
County, City: Philadelphia County, Philadelphia
State & Zip Code: Philadelphia, PA 19106

Defendant No. 2

Name: Attorney General of the United States
Street Address: 950 Pennsylvania Avenue, NW
County, City: Washington, DC
State & Zip Code: Washington, DC 20530-0001

Defendant No. 3

Name: 
Street Address: 
County, City: 
State & Zip Code: 

Defendant No. 4

Name: 
Street Address: 
County, City: 
State & Zip Code: 

II.    **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*
    [X] Federal Questions      [X] Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? This Court has jurisdiction over this case as it arises under federal law. 28 U.S.C. § 1331. The venue is proper because Plaintiff resides in this district and no real property is involved in the action. 28 U.S.C. § 1391(e)(1). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b) in that this is a claim upon federal causes of action under the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 2671-2680.

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

   Plaintiff(s) state(s) of citizenship __Pennsylvania_____

   Defendant(s) state(s) of citizenship __Washington, DC_____

**III. Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how <u>each</u> of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  Where did the events giving rise to your claim(s) occur? __Plaintiff, the borrower of the loan,__ was located in Pennsylvania and lived at the same address as listed for Plaintiff at the top of this form. The Defendant is located in Washington, DC.

B.  What date and approximate time did the events giving rise to your claim(s) occur? __The loan__ began servicing in 2010 for college courses which began in 2010. Plaintiff was not required to make payments until 6 months after graduation in May of 2014.

[What happened to you?]

C.  Facts: __Please see attached paper.__

[Who did what?]

[Was anyone else involved?]

[Who else saw what happened?]

*Rev. 10/2009*                                       - 3 -

IV.     Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Mental anguishes and emotional distress from financial injuries. Damage to finances and credit including the inability to pay back a line of credit with a balance of about $3400, a credit card with a balance of over $6900, and a rent agreement of over $4,600 which has lowered Plaintiff's credit score from 757 down to 641. Inability to repay student loan with a balance of over $12,000 not counting $4000 already paid for a total principal of $16250. None of these debts existed until after Plaintiff began making payments on this student loan. (The listed damage of debts were paid off after Plaintiff presented his claim to Defendant. Only Plaintiff's student loan debt remains, the balance listed being the balance as of the presentation of the claim to Defendant.)

V.      Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

Plaintiff requests the Court to order Defendant to pay $10,004,000 USD to Plaintiff in compensatory and punitive damages for the above-mentioned injuries.

This Court is authorized to grant the relief requested in this case pursuant to the FTCA 28 U.S. Code § 1346(b) and 28 U.S.C. §§ 2671-2680. This suit is timely filed under the FTCA, 28 U.S.C. § 2401(b) because initial litigation began within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __10__ day of __July_____, 20 _23_.

Signature of Plaintiff _*Justin Mohn*_____

Mailing Address  __145 Upper Orchard Drive_____

__Levittown, PA, 19056_____

_____

Telephone Number __267-370-6608_____

Fax Number *(if you have one)* _____

E-mail Address __justindmohn@gmail.com_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

## III. Statement of Claim

### Facts

**1.** Pursuant to the Federal Tort Claims Act (FTCA), on or about April 25th, 2022, Plaintiff Justin Mohn ("Plaintiff") presented his claim to the appropriate federal agency, The United States Department of Education ("the Department") for administrative remedies under the FTCA requesting $10,004,000.00 USD (Appendix J). By letter dated August 12th, 2022, Plaintiff's claim was denied in writing by the Department and such denial was sent by certified or registered mail to the Plaintiff (Appendix K).

**2.** This action is timely because initial litigation, case No. 2:22-CV-03535-MAK ("*Mohn II*"), was filed on or about August 29th, 2022 within six months of receipt of the certified letter sent by the Department denying the claim.

**3.** In *Mohn II,* the District Court dismissed Defendants Miguel Cardona, in his official capacity as Secretary of the Department of Education, and the US Department of Education, and substituted Defendant United States of America ("Defendant" or "Defendants") on or about December 20th, 2022.

**4.** On appeal in the Third Circuit Court of Appeals, case No. 23-1023, the dismissal with prejudice of *Mohn II* was modified to a dismissal without prejudice on or about July 3rd, 2023, and this action immediately followed.

**5.** In 1946, Congress enacted the FTCA which effectuated a limited waiver of [the federal government's] sovereign immunity from certain common law tort claims. The FTCA authorizes plaintiffs to bring civil lawsuits:
   1. against the United States;
   2. for money damages;
   3. for injury to or loss of property, or personal injury or death;

1

4. caused by a federal employee's negligent or wrongful act or omission;

5. while acting within the scope of his office or employment;

6. under circumstances where the United States, if a private person, would be liable.

**6.** Plaintiff now sues Defendant after the exhaustion of administrative remedies so he may seek relief in court pursuant to the FTCA because 1) Defendants are the United States of America, 2) Plaintiff seeks relief for money damages in the amount of $10,004,000 USD 3) for injuries to his finances and credit which caused emotional distress and mental anguishes 4) the injury was caused by a federal employee's negligent or wrongful act 5) the federal employee was acting within the scope of his office or employment, and 6) under circumstances where the United States, if a private person, would be liable.

**7.** To further expound upon element 6, if the United States were a private person, Plaintiff would have been able to forego administrative remedies and bring civil suit directly to a court in Pennsylvania by pleading negligence and or other torts.

## Background Information

**8.** Upon graduating from high school in 2010, Plaintiff enrolled in college courses at Penn State University. To pay for this education, Plaintiff's parents arranged a federal student loan for Plaintiff with the Defendant sometime during 2010. The loan account # is 2103599551 and is currently serviced by MOHELA.

**9.** In May of 2014, Plaintiff graduated from Penn State University with a B.S. in Agribusiness Management, one of the business majors offered by Penn State. Plaintiff's $165 monthly loan payments for this federal student loan automatically began 6 months after his graduation according to the loan terms his parents and Defendant and or loan servicer agreed upon. Plaintiff was not made aware of the income driven repayment plan option until many years later by a mail notification.

2

**10.** Plaintiff was made aware of the income driven repayment plans sometime in September of 2017, he applied for said plan December of 2017, and it was approved January of 2018 and lowered his monthly payments to $80.45.

**11.** After graduation from college in 2014, Plaintiff could not find a full-time job in any field. He worked part-time jobs and made monthly student loan payments while saving money to move to another state to seek employment.

**12.** Plaintiff moved to Colorado in 2015 and accepted a full-time job at a credit union earning $13 per hour which he claims is the same wage paid to his less educated co-workers. Plaintiff claims his low income combined with this obligation to repay his student loans caused him injury. Plaintiff provided his budget calculations from 2015 (Appendix D) to show he would have been able to afford living in a single apartment if he didn't need to make student loan payments, but his student loan payments forced him to live in a cheaper apartment with roommates he didn't know, which eventually led to interactions with the Colorado Springs Police Department over domestic issues. Although none of Plaintiff's roommates were ever charged to his knowledge, he relocated apartments once to avoid a violent dispute.

It was around this time Plaintiff's injuries began to manifest, and he reasonably pursued due diligence by suspecting the wrongdoing came from one or more of his employers in Colorado, for which charges were filed - within two years of Plaintiff starting loan payments.

**13.** By October 2016, Plaintiff accepted a full-time job at Progressive Insurance earning a slightly higher hourly wage. However, Plaintiff was discriminated against and wrongfully terminated by Progressive. Plaintiff brought suit against Progressive in *Mohn v Progressive*, however, the outcome is interpreted that the District Court of Colorado

upheld the Equal Employment Opportunity Commission (EEOC) affirmative action laws and granted summary judgement in favor of Progressive.

**14.   Causation**

Plaintiff argues his time making student loan payments while mal-employed combined with times of unemployment after his termination from Progressive caused a lack of savings which eventually caused a snowball effect of debt; and his college degree only made employers perceive him as an overeducated, white male which led to affirmative action and or reverse discrimination against him whilst providing no benefits. Even though Plaintiff regained employment in Colorado after his termination from Progressive, because of the financial burden placed upon Plaintiff of his student loan, mal-employment, his difficulties in finding employment, and affirmative action or else reverse discrimination against him, he was forced to move back to Pennsylvania to live with his parents or else become homeless in Colorado, then with thousands of dollars of debt, none of which existed until Plaintiff began making student loan payments.

If it were not for Plaintiff's education paid for by Defendant's negligent loan, he likely would have had better luck finding and retaining employment in both Pennsylvania and Colorado, for he would not have been viewed as an overeducated white male. If it were not for his education and weak financial position from Defendant's negligent loan, he also likely wouldn't have been a target of affirmative action and or reverse discrimination in the workplace to the extent that he was which caused more than one employment dispute (his employers knowing he could not afford a lawyer let alone rent if unemployed). If it weren't for the financial burden of Defendant's negligent loan, Plaintiff wouldn't have been forced to always live paycheck to paycheck, which eventually led to financial injury which caused emotional distress and mental anguishes. This establishes initial causation to Plaintiff's injury and identifies the Defendant as the wrongdoer – not Plaintiff's previous employers.

4

**15.     Proof of Damage - Appendices**

Because of the nature of Plaintiff's injuries being mental and emotional due to injuries to his finances, and not physical injuries, Plaintiff argues the expert opinion of a physician is not required, as well as would place a further financial burden on Plaintiff. It is against Plaintiff's beliefs and likely also against his current financial capacity to attend a physician for emotional distress and mental anguishes in this scenario. Although Plaintiff reserves the right to call upon such an expert witness in court, Plaintiff argues it does not require an expert opinion of a physician for a judge, jury, and or the public to imagine the emotional distress and mental anguishes due to the unnecessary financial burden of student loan payments on Plaintiff in a poor job market where his college education provided no benefits.

Indeed, Defendant's loan directly and proximately disabled Plaintiff from becoming an independent adult, analogous to clipping his wings right out of the starting gate so that there was little to no chance of success after graduation from college, and led to financial ruin, hunger, malnourishment, and significant weight loss forcing him to move back to live with his parents in Pennsylvania or else become homeless in Colorado – and ultimately wasted several years of his life during his prime. Adding to his injury was the fact that his college degree caused a perception of him as an overeducated, white male which led to affirmative action and or reverse discrimination against him by employers and for which a previous lawsuit (*Mohn v Progressive*) was ruled in favor of the employer despite Plaintiff's high job performance and potential for upward career mobility. Therefore, due to the non-physical nature of the injury, Plaintiff submits a physician is not required for any diagnoses, treatment, or documentation so much as for a possible testimony.

Due to the quantitative nature (measured in currency and other numerical borrower information) of this action, Plaintiff has provided exhibits/appendices to support his claims [and which were provided to Defendant when Plaintiff presented his

5

administrative tort claim]. The appendices include documents for the loan in question (Appendix A); Plaintiff's job applications and employment history since graduation from college [up until just before the presentation of the claim to Defendant] to show there were seemingly no benefits of his college education paid for by Defendant's negligent student loan (Appendices B and E, respectively); Plaintiff's relative financial statements, Plaintiff's budget calculations, Plaintiff's credit reports, Plaintiff's rent agreements, and Plaintiff's outstanding debts* (Appendices C, D, G, F and H, respectively) to show the financial burden imposed upon him by Defendant and the injuries to his finances which caused emotional distress and mental anguishes; and the State of Colorado's decision to award Plaintiff unemployment benefits for his retaliatory and discriminatory termination from Progressive Insurance (Appendix I). The documents available from *Mohn v Progressive* and more documents which can be retrieved during discovery and with subpoenas, show the extent of affirmative action and or reverse discrimination against Plaintiff due to employers' perceptions of him as an overeducated, white male despite Plaintiff's relatively high performance at jobs such as with Progressive.

*Plaintiff's outstanding debts in Appendix H were all paid off after the presentation of the claim to Defendant – only his student loan debt remains.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE

**16.**     Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

**17.**     The tort of negligence is recognized where: (1) a duty is owed to the plaintiff, (2) that duty is breached by the defendant, (3) the breach of duty was the cause of plaintiff's damage, and (4) plaintiff has suffered actual damage.

6

Plaintiff alleges: (1) Defendant owes a fiduciary or other duty to Plaintiff, (2) that duty was breached by the Defendant's loan causing a financial injury to Plaintiff (3) the aforementioned breach of duty which caused Plaintiff's financial damage then caused emotional distress and mental anguishes damage (4) Plaintiff suffered actual damage to his finances and credit; and continues to suffer mental anguishes and emotional distress due to the financial hardship Defendant's loan caused Plaintiff, and which forced him to abandon his life and [now paid off] rent agreement in Colorado and move back to Pennsylvania to live with his parents.

**18.** The Defendant had a fiduciary duty to care since the Defendant, as the lender, encouraged Plaintiff and other borrowers to repose special trust or confidence in its advice, thereby inducing Plaintiff and other borrowers.

    A. Special Trust or Confidence in Defendant's Advice

Shouldn't young, unsophisticated high school graduates and their parents have faith, confidence, and trust in the US Department of Education who would be considered experts in the field of student loans and education? Plaintiff and his parents trusted and had confidence in the federal government as most Americans do, especially since the Defendant is undoubtedly an expert in the field of student loans and education while Plaintiff and his parents are not experts in these fields.

    B. Direct Contact is not required

Defendant engaged in supplying a negligent loan under a negligent federally funded loan program with Plaintiff's parents. The Defendant need not communicate directly to Plaintiff and should retain responsibility for negligent or wrongful acts committed through a third party since Defendant's negligence still directly injured Plaintiff. The Defendant, under their negligent federally funded loan program, knew and intended that Plaintiff's parents would relay the negligent loan to Plaintiff, so personal

7

contact between Plaintiff and the Defendant is not required since Defendant's action directly and proximately caused harm to Plaintiff.

    C. Disclaimers

    In regards to the terms, agreements, disclosures, etc. of Plaintiff's student loan, general disclaimers should not bar claims of negligent or wrongful acts.

**19.** The Defendant also had a duty to care as a government to one of its citizens in the social contract fortified by a loan agreement between the parties in which harm was foreseeable by any reasonable federal agency acting as a lender. The Defendant's negligent federally funded loan program and negligent loan to Plaintiff are so unreasonable that no public or other authority having the functions of the authority in question could properly consider the act to be a reasonable exercise of its functions.

    Defendant's loan(s) to Plaintiff and other borrowers as well as Defendant's loan program are so unreasonable, that the Biden-Harris Administration commendably attempted to remedy the situation for America's student loan borrowers with about $500 billion of taxpayer dollars for a Student Debt Relief Plan in August of 2022. The Defendant's actions are so unreasonable, that even upcoming candidates for the 2024 US Presidential election such as Governor Ron DeSantis allegedly plan to eliminate the Department of Education if elected.

**20.** Even if this Court does not see Defendant as a fiduciary and does not recognize the existence of a social contract, the Defendant still owes Plaintiff a duty to care because harm to Plaintiff was reasonably foreseeable from the Defendant's loan. Defendant has already admitted a remedy to student loan borrowers such as Plaintiff is required and so Defendant tried to give all borrowers up to $10,000 with the aforementioned Student Debt Relief Plan. Defendant has also begun to change affirmative action laws as of June of 2023. Supreme Court decisions such as these don't just happen overnight or impromptu - i.e., harm to student loan borrowers was

8

foreseeable, and harm to white men during college admissions and thereafter in the workplace due to affirmative action was foreseeable.

21.     The Defendant breached its duty of care to Plaintiff.

22.     At all times relevant to this Complaint, the Defendant had a duty to either 1) not provide the negligent loan to Plaintiff, 2) enforce or encourage a reasonable repayment plan option such as the income driven repayment plan, and or 3) remedy the burden on the most negatively impacted borrowers such as Plaintiff which the Biden-Harris Administration began attempting in August of 2022, but have yet to accomplish. Due to the injuries Plaintiff sustained throughout almost a decade since graduation from college, Plaintiff does not believe loan forgiveness is an equitable solution to his claim, which he first filed several months before the Student Debt Relief Plan was unveiled.

23.     The Defendant breached its duty performing an operational task by providing a negligent loan under a negligent federally funded loan program which caused financial injury to Plaintiff.

24.     The Defendant had a duty to provide loans which would be foreseeably repayable, and which would not lead to foreseeable harm to America's future generations. By the Defendant loaning to so many Americans, it was foreseeable that some of their loans may cause a financial injury to the borrowers, specifically to borrowers of middle and lower socio-economic classes without a scholarship or other significant financial aid such as Plaintiff. Given the Supreme Court's ruling to end affirmative action in universities on June 29th, 2023 (which may pave the way for similar rulings affecting the workplace), it should also have been foreseeable that for white men of said middle and lower socio-economic classes such as Plaintiff, a college degree

9

may greatly increase the chance for harm in the workplace in the form of reverse discrimination and or affirmative action.

**25.**     As a direct and proximate result of Defendant's negligence, Plaintiff was unable to start a life as an independent adult. He was forced to work in positions of mal-employment while making loan payments which his less-educated and relatively lower performing coworkers did not need to make; and instead of being rewarded with promotions or raises for his qualifications and performance, he experienced affirmative action and or reverse discrimination. Because of Plaintiff's loan payments causing financial injury while his employment disputes contributed to unemployment, Plaintiff was then forced to live without income and little savings for about 9 months in Colorado, losing significant body weight due to undernutrition, while under constant threat of homelessness, before finally being forced to move back to live with his parents in Pennsylvania or else become homeless in Colorado.

**26.**     The act set forth above would constitute a claim under the law of the State of Pennsylvania.

## COUNT II - VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

**27.**     Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

**28.**     At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, and staff were employed by and or acting on behalf of the Defendant.

**29.** At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

**30.** The directors, officers, operators, administrators, employees, agents and staff negligently and or wrongfully, directly and proximately caused financial injury to Plaintiff.

**31.** As a direct and proximate result of Defendant's negligence, Plaintiff sustained financial injuries which had drastic effects on his life and caused emotional distress and mental anguishes. Multiple years of his life during his prime were wasted. His finances and credit are still damaged and will continue to be in the future without relief.

**32.** The acts set forth above would constitute a claim under the law of the State of Pennsylvania.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Justin Mohn, does hereby pray that judgment for damages totaling $10,004,000.00 be entered in his favor and against the Defendant.

Respectfully submitted:

*Justin Mohn*

Justin Mohn

145 Upper Orchard Drive

Levittown, PA 19056

267-370-6608

*Plaintiff, Pro Se*

11