IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN MOHN | : CIVIL ACTION |
| | : |
| v. | : NO. 23-2653 |
| | : |
| UNITED STATES OF AMERICA, U.S. ATTORNEY'S OFFICE, ATTORNEY GENERAL OF THE UNITED STATES | : : : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                               **July 20, 2023**

A 2014 college graduate has now filed his fourth Complaint essentially claiming the United States or its officers negligently managed student loan programs by failing to disclose they anticipated an impaired job market for over-educated white men over a decade later. We dismissed his previous cases including those against immune persons. His most recent Complaint seeks over ten million dollars in damages from the United States. He moves to proceed without paying the filing fees claiming he is now a pauper. Congress requires we screen motions to proceed without paying filing fees. The college graduate most recently swears he has over $2,000 in his bank account and his only monthly expense is less than $150 to buy marijuana. He does not claim disability. He pays no rent, utilities, or other expenses. He has no income this month. We rigorously review these requests to ensure persons able to pay the filing fees do not use public funds as their bank account. We have no basis to find this college graduate is today unable to pay the filing fee. He has money to buy marijuana every month with no expenses. He has money in the bank and just left a paying job. We deny his application to proceed without paying the filing fees. We grant him leave to pay the filing fees if he wishes to proceed on his fourth attempt to sue apparently immune prosecutors and the United States for negligence relating to college student loans.

I.      **Sworn facts and public record.**

Pennsylvania resident Justin Mohn borrowed federal student loans from the United States to finance his college education at Pennsylvania State University in 2010.[1] Mr. Mohn graduated with a degree in Agribusiness Management in May 2014.[2] Mr. Mohn could not obtain full-time employment and instead worked part-time while beginning to pay his monthly student loan payments.[3] Mr. Mohn alleged his unemployment prohibited him from saving money and "caused a snowball effect of debt."[4] Mr. Mohn attributed his inability to the fact he is an "overeducated, white male."[5] Mr. Mohn now lives with his parents and holds "thousands of dollars" in student loan debt.[6]

Mr. Mohn first sued United States Secretary of Education Miguel Cardona and the United States Department of Education on March 1, 2022.[7] Mr. Mohn then alleged the Department fraudulently imposed "a financial burden on [him]" knowing he would be unable to pay back his student loans.[8] Mr. Mohn moved to proceed *in forma pauperis*.[9] Mr. Mohn swore he held $239.29 in a checking account, $113.52 in a PayPal account, $27.70 in a second checking account in his application to proceed *in forma pauperis*.[10] He also declared three dollars in cash.[11] Mr. Mohn swore he owed $150 on a credit card and seventy dollars on a personal line of credit.[12] Mr. Mohn also swore having $415 in total monthly expenses, $150 of which is attributed to credit card debt.[13]

We then found good cause based on limited assets and his expenses and to grant Mr. Mohn's motion to proceed *in forma pauperis*.[14] We later dismissed Mr. Mohn's tort claims for failing to exhaust his administrative remedies and because Secretary Cardona and the Department are immune from suit as Mr. Mohn pleaded them.[15] We granted Mr. Mohn leave to file a second amended complaint no later than April 28, 2022 to seek relief after exhausting his claims.[16] We ordered the Clerk of Court close Mr. Mohn's case after he failed to timely amend his Complaint.[17]

Mr. Mohn filed a new complaint against Secretary Cardona and the United States Department of Education instead of filing a second amended complaint compliant with our April 14, 2022 and April 18, 2022 Orders in *Mohn I*.[18] Mr. Mohn pleaded similar facts as *Mohn I*.[19] But Mr. Mohn paid the $402 filing fee.

The United States moved to substitute itself as the proper defendant and to dismiss Mr. Mohn's complaint for lack of jurisdiction.[20] We granted the United States's motion, substituting it for Secretary Cardona and the Department of Education and dismissing the complaint for lack of subject matter jurisdiction because the United States is immune from such claims under the Federal Tort Claims Act.[21] Mr. Mohn appealed and again paid the filing fee in the Court of Appeals.[22] Our Court of Appeals affirmed our dismissal approximately three weeks ago but modified our dismissal to be without prejudice.[23]

One week later, Mr. Mohn returned to sue the United States, the United States Attorney's Office, and the Attorney General of the United States again asserting a claim for negligence under the Federal Tort Claims Act already dismissed by our Court of Appeals and asserting claims for vicarious liability against all defendants, presumably the United States Attorney and the Attorney General.[24]

Mr. Mohn now moves to proceed *in forma pauperis*.[25] He first swore he held $2,161 in a checking account.[26] He also swore he received approximately $2,100 in gross monthly pay during his three recent months of employment at Enliven Planters.[27] He swore to having $300 in monthly expenses, all of which he categorized as recreational.[28] We denied this first motion to proceed without paying the fee.[29] Mr. Mohn now swears he holds $2,057.68 in a checking account and five dollars in a savings account.[30] Mr. Mohn still swears he received $2,100 in gross monthly pay from his three-month employment at Enliven Planters.[31] He now also swears he has approximately $150

3

in monthly expenses he categorizes as his monthly marijuana expenses for both medical and recreational purposes.[32]

Mr. Mohn swears he is a registered Pennsylvania medical marijuana patient.[33] Mr. Mohn swears he purchases monthly medical marijuana or "a cheaper, non-prescription substitute to mitigate the added stress of pro se litigation" which "may worsen" his scoliosis.[34] Mr. Mohn "hopes to bring his expenses as close to $0 as possible" until he finds employment but continues to purchase medical marijuana monthly.[35]

## II. Analysis

Congress allows us to "authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees … ."[36] Congress enacted the *in forma pauperis* statute "to ensure that indigent litigants have meaningful access to the federal courts."[37]

We may waive the prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets [and] . . . that the person is unable to pay such fees or give security."[38] Congress requires we deny leave to proceed without paying the filing fees if we determine "the allegation of poverty is untrue."[39] We evaluate the petitioner's financial statement for a showing of indigence.[40] We may consider factors including "(1) possible aid from friends or relatives; (2) possible aid from charities; (3) regular employment; (4) earning power; (5) unencumbered assets; (6) retention of counsel; and (7) the particular cost relative to the applicant's financial means."[41] We may also "consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'"[42]

Approving a motion to proceed without paying fees is within our discretion.[43] When exercising our discretion, we "must be rigorous … to ensure that the treasury is not unduly imposed

4

upon."[44] It is Mr. Mohn's burden to prove a basis to proceed without paying filing fees.[45] We are guided by our colleagues denying motions to proceed without paying fees when the person holds assets and limited expenses. For example, our Court of Appeals in *Johnson v. City of Philadelphia* affirmed Judge Slomsky's denial of a motion to proceed without paying fees when the petitioner swore to $500 in cash, $7,375 in a bank account, and "no extraordinary expenses."[46] Our Court of Appeals concluded Judge Slomsky did not abuse his discretion by denying the petitioner's motion based on the information in the application.[47]

Judge Kelly reviewed gambler Hong Nguyen's request to proceed *in forma pauperis* against a Pittsburgh gambling house.[48] Judge Kelly denied Mr. Nguyen's motion finding he "sufficient assets to pay the filing fee in full" after expending over $4,000 in gambling losses ten days before filing his petition.[49] Judge Kelly determined Mr. Nguyen's recent gambling "demonstrate[d] . . . [he had] the ability to pay or the assets necessary to pay the full filing fee."[50]

Judge Ludwig also denied a motion to proceed *in forma pauperis* in *Terry v. Midland Mortgage Co.*[51] Judge Ludwig considered Mr. Terry's application and found Mr. Terry failed to disclose multiple deposited checks in income in the year before filing his lawsuit, deposited $35,000 into his savings account but only disclosed a balance of $150, and owned two parcels of real estate not disclosed.[52] Judge Ludwig concluded ownership of real property, possession of a "sizable sum of money," and a stream of income justified the denial of his petition to proceed *in forma pauperis..*[53]

Mr. Mohn does not present the financial straits warranting the use of public funds.[54] Mr. Mohn resides in his parents' home and lists no expenses associated with living there.[55] He benefits by having over $2,000 in his bank account with no expenses other than his monthly purchase of medical marijuana.[56] He does not explain the source of his income sufficient to purchase medical

5

marijuana. Mr. Mohn swears employment at Enliven Planters between March 13 and May 31, 2023, where he received approximately $2,100 in gross monthly pay during his three months of employment.[57] Mr. Mohn has approximately $150 in monthly expenses which he lists as "medical and dental expenses" and "recreation, entertainment, newspapers, magazines, etc."[58] Mr. Mohn swears his medical marijuana use helps him manage the added stress of pro se litigation.[59] Mr. Mohn admits his medical marijuana use is at least partially recreational.[60] Mr. Mohn swears he "hopes to maintain an average of $0-150 of monthly expenses going forward," all of which he will spend on medical marijuana or a cheaper substitute.[61]

Mr. Mohn has sufficient assets to pay the filing fee.[62] He can call upon family who house him. He has demonstrated earning power and, until a few weeks ago, regular employment. He offers no basis for us to find his bank account is encumbered. The filing fee is less than twenty percent of the money in his bank account. Like Mr. Terry, Mr. Mohn has a sizable sum of money in his checking account.[63] Like Mr. Johnson, Mr. Mohn does not have extraordinary expenses.[64] Mr. Mohn does not have living expenses, transportation expenses, or installment payments.[65] Mr. Mohn's sole monthly expense is a maximum of $150 which is "almost entirely for medical marijuana."[66] Mr. Mohn has sufficient assets to pay the filing fee because Mr. Mohn has a sizable sum of money in his bank account and lacks extraordinary expenses.

We deny Mr. Mohn's attempt to proceed without paying the filing fees. We do not today screen his Complaint for merit under section 1915. We must await his filing fees. He will then need to effect service of the summons sent to him by the Clerk of Court. We may then again study how Mr. Mohn may state a claim against the United States immune from the claims asserted under the Federal Tort Claims Act and apparently immune federal prosecutors.

### III. Conclusion

We deny Mr. Mohn's motion for leave to proceed without paying filing fees. He cannot demonstrate a basis to proceed without paying the filing fees. He is welcome to pay the filing fees from his bank account and we will then proceed to again study the merits of his latest theories.

---

[1] *Mohn v. Cardona, et al.*, No. 22-3535 ("*Mohn II*"), ECF No. 1 at 153, ¶ 6 (using the pagination assigned by the CM/ECF docketing system).

[2] *Id.* ¶ 7.

[3] *Id.* ¶ 9.

[4] *Id.* ¶ 12.

[5] *Id.*

[6] *Id.*

[7] *Mohn v. Cardona, et al.*, No. 22-0773 ("*Mohn I*"), ECF No. 2 at 2.

[8] *Mohn I*, No. 22-0773, ECF No. 9-1 at 4.

[9] *Id.*, ECF No. 1.

[10] *Id.* at 2.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 5.

[14] *Id.*, ECF No. 4.

[15] *Id.*, ECF No. 10 at 6. Mr. Mohn alleged Secretary Cardona and the Department of Education for negligent misrepresentation, fraudulent concealment, fraudulent non-disclosure, and misapplication of the Higher Education Act. We dismissed his tort claims and the Higher Education Act claim because there is no private right of action under the Act. We allowed Mr. Mohn to timely amend his Complaint. He filed an amended Complaint continuing to reassert his tort claims and bringing a new claim alleging the Department's "deceptive conduct" violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law. We screened his Complaint and dismissed his claim against the United States as immune from the common law tort claims and Pennsylvania's consumer protection law; failure to exhaust administrative remedies with the Department; even if he could bring claims under the Federal Tort Claims Act, the Administrative

Procedures Act and Declaratory Judgment Act do not provide an independent basis for subject matter jurisdiction; the Higher Education Act has not private right of action; there is no basis for our mandamus jurisdiction; and the United States is immune under the Truth in Lending Act. *See* ECF No. 10.

[16] *Id.*, ECF No. 11.

[17] *Id.*, ECF No. 14.

[18] *Mohn II*, ECF No. 1.

[19] Mr. Mohn sued Secretary Cardona and the Department of Education for fraud under the Federal Tort Claims Act after presenting his claims to the Department.

[20] *Mohn II*, ECF No. 9.

[21] *Id.*, ECF No. 12.

[22] *Id.*, ECF Nos. 14, 16.

[23] *Mohn v. United States*, 2023 WL 4311609 (3d Cir. July 3, 2023). Our Court of Appeals agreed Mr. Mohn cannot state a claim under the Federal Tort Claims Act because the United States is immune from fraud, misrepresentation, or deceit claims and affirmed our dismissal of his complaint. But the Court of Appeals modified our order dismissing the claim with prejudice, explaining a dismissal for lack of subject matter jurisdiction is without prejudice. *Id.* at *5.

[24] ECF No. 2.

[25] ECF No. 1.

[26] ECF No. 1 at 2.

[27] *Id.*

[28] *Id.* at 4.

[29] ECF No. 4.

[30] ECF No. 5 at 2.

[31] *Id.*

[32] *Id.* at 4.

[33] *Id.* at 6

[34] *Id.*

[35] *Id.*

---

[36] 28 U.S.C. § 1915(a)(1). Congress in the *in forma pauperis* statute refers to prisoners, but courts apply the statute "to all persons applying for IFP status, and not just to prisoners." *In re Sesay*, No. 22-82, 2022 WL 1104062 at * 7 (E.D. Pa. Apr. 12, 2022) (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1213 (10th Cir. 2005)).

[37] *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (3d Cir. 1989)).

[38] *Id.*

[39] *Id.* § 1915(e)(2)(A).

[40] *Deutsch v. United States*, 67 F.3d 1080, 1084, n.5 (3d Cir. 1995).

[41] *In re Koren*, 176 B.R. 740, 744 (Bankr. E.D. Pa. 1995); *Cason v. Johnston*, No. 20-4695, 2020 WL 12654452, at * 1 (E.D. Pa. Nov. 9, 2020) (quoting *In re Koren*, 176 B.R. 740, 744 (Bankr. E.D. Pa. 1995)). In *Cason*, Judge Pappert denied the plaintiff's motion to proceed *in forma pauperis* for insufficient information in his application. The plaintiff completed his application by listing "0" for all financial information and the abbreviation "N/A." *See Cason*, No. 20-4695, ECF NO. No. 4. Judge Pappert allowed plaintiff to resubmit his application. Plaintiff refiled his application, continuing to note nothing in financial assets but explaining he is unemployed as a result of the Covid-19 pandemic and an injury, is homeless, and is assisted by public assistance. *Id.*, ECF NO. 7. Judge Pappert then granted the application to proceed *in forma pauperis*. *See Cason*, 2020 WL 7479618 (E.D. Pa. Dec. 17, 2020), *aff'd*, 845 F. App'x 203 (3d Cir. 2021). We face much different sworn statements.

[42] *Id.* (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).

[43] *Johnson v. City of Phila.*, 599 F. App'x 419, 429 (3d Cir. 2015).

[44] *Id.* (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).

[45] *In re Lassina*, 261 B.R. 614, 618 (Bankr. E.D. Pa. 2001).

[46] *Johnson*, 599 F. App'x at 420.

[47] *Id.*

[48] *Hong Nguyen v. Holding Acquisition Co. LP*, No. 18-156, 2018 WL 10015500 (W.D. Pa. Feb. 12, 2018) *report and recommendation adopted*, 2018 WL 10015498 (W.D. Pa. May 14, 2018).

[49] *Id.*

[50] *Id.*

[51] *Terry v. Midland Mortgage Co.*, No. 08-3015, 2009 WL 1175620, at *1 (E.D. Pa. Apr. 28, 2009).

[52] *Id.*

---

[53] *Id.*

[54] For example, in *Kaetz v. United States*, No. 23-3377, 2023 WL 4420337, at *1 (D.N.J. July 10, 2023), Judge Bumb granted a pro se plaintiff's motion to proceed *in forma pauperis* because plaintiff's necessary monthly expenses equaled approximately his total income. In *Pluck v. Potter*, No. 02-8908, 2002 WL 32107629, at *1-*2, (E.D. Pa. Dec. 17, 2002), Judge VanAntwerpen granted a motion to proceed *in forma pauperis* finding the plaintiff had a dependent child, $1,000 in a checking account and $500 in a savings account, an ex-husband with over $127,000 in arrears for child support, and a mortgage greater than the value of the family home.

[55] ECF No. 2 at 11

[56] ECF No. 1.

[57] *Id.*

[58] *Id.* at 4-5.

[59] *Id.* at 6, § 9.

[60] *Id.*

[61] *Id.*

[62] ECF No. 5 at 4.

[63] *Id.*

[64] *See id.*

[65] *Id.*

[66] *Id.* at 6, § 9.