IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN MOHN | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-2653 |
| | : | |
| UNITED STATES OF AMERICA, U.S. | : | |
| ATTORNEY'S OFFICE, ATTORNEY | : | |
| GENERAL OF THE UNITED STATES | : | |

## MEMORANDUM

KEARNEY, J.                                                                      July 31, 2023

A 2014 college graduate continues to pro se sue federal actors for inducing or negligently causing him to borrow college student loans from 2010-2014. We dismissed his two earlier lawsuits. He now sues the United States, the Attorney General, and the United States Attorney with slightly different legal theories. We denied him leave to proceed without paying filing fees earlier this month. He responded by moving for our recusal for the first time after months of appearing before us. His speculative grounds for recusal are false as he could have discovered with a cursory internet search. He offers no basis to show bias or otherwise allow us to find a reasonable person knowing all the facts would conclude our impartiality might reasonably be questioned. He offers no basis to find we have some financial interest, personal bias, extra-judicial knowledge, or personal view or interest in him, his claim, or the latest federal actors now being sued. We deny his motion.

## I.      Pro se allegations.

Justin Mohn filed three pro se lawsuits challenging his obligation to repay federal student loans he borrowed to attend and graduate from Pennsylvania State University from 2010 to 2014. We addressed his allegations three times. We dismissed his first two complaints for failing to state

a claim. We recently denied his application to proceed on his third complaint (this time against the United States, the Attorney General, and the United States Attorney) without paying the filing fees after finding he swore to having over $2000 in his bank account and he only spent his money to buy marijuana for recreational and medical use. He never raised a question regarding our impartiality before we denied his application. He never sought our recusal. He now paid the filing fee.

And he now moves to recuse claiming a reasonable person would conclude my impartiality might reasonably be questioned or I have some personal bias concerning him and a financial interest in the defendant United States, United States Attorney, and the Attorney General. He alleges in summary fashion:

- I serve on the Board of Consultors of Villanova University Charles Widger School of Law;

- My role as a shareholder at a law firm before appointment to the bench in December 2014, including an allegation I am "still a shareholder";

- A "large portion" of the attorneys at my former employer are Villanova graduates;

- "Significant" campaign contributions by me, members of my former employer, and graduates of Villanova University to the "administrative political party of the Defendant United States of America," meaning the "Democratic Party's Biden-Harris Administration, any relevant cabinet members and departments of the Defendant United States of America, as well as any relevant recipients of the Democratic campaign contributions ...";

- My own political affiliation;

- The "politically charged current events such as student loan debt relief and possibly even affirmative action" makes my "membership" in a law firm who donate to the Democratic Party an extra-judicial factor showing bias, interest, and favoritism to the United States or antagonism to him;

- "Socio-economic class differences" between me and Mr. Mohn because he swears I "grew up" on the Main Line which is on the "opposite side of the tracks" from where Mr. Mohn grew up giving me "a much better window of opportunity as an

adult compared to [Mr. Mohn] and many other modern student loan borrowers" as demonstrated by the tone of our earlier memorandum referring to the fact Mr. Mohn graduated from Pennsylvania State University;

- The Student Debt Relief Plan of August 2022 "pushed" by the "Defendant" and the Supreme Court's decision this term on affirmative action;

- Overall disagreement with the "tone" of our opinions *Mohn I*[1] and *Mohn II*,[2] including disagreement with word choices;

- "Subjectively antagonistic rhetoric to those who have filed *in forma pauperis* while making judgements [sic] that delay a case by about a year only for said judgements [sic] to be modified and the case or related cases to essentially pick up where they left off …"; and

- Our Court of Appeals' affirmance of our dismissal of his case (*Mohn II*) but directing the dismissal is without prejudice.

## II.    Facts available to a reasonable person after brief diligence.

Mr. Mohn's grounds for recusal are not sufficient on their face. But our analysis today partially depends on whether a reasonable person with knowledge of all the facts would conclude my impartiality in this case might reasonably be questioned. The facts as readily available to Mr. Mohn from a cursory review of our background show:

- "Grew up" in Bucks County (same as Mr. Mohn's present address);

- Graduated Villanova University with a law degree thirty-six years ago;

- Serve on an advisory board known as the Board of Consultors for the Charles Widger School of Law at Villanova University since 2012;

- Made relatively small campaign contributions to candidates of both political parties over fifteen years before 2014;

- Resigned my employment and sold my shareholder interest in my former employer law firm in December 2014 upon the President's signing of my Commission;

- Have no role with my former employer law firm since December 2014 including in its hiring decisions or which candidates for public office its employees wish to support;

- Have no role in directing, managing, or knowing whether persons affiliated by Villanova University contribute to campaigns;

- Have no role in the Supreme Court's student loan or affirmative action teachings; and,

- Our Court of Appeals affirmed our dismissal of Mr. Mohn's second complaint finding he failed to state a claim.

## III.    Analysis

Mr. Mohn seeks to disqualify citing the tests set by Congress and interpreted by judges in sections 455 (a) and (b) of Title 28 of the United States Code. He offers no basis. We deny his motion.

Congress, in section 455(a), requires a judge to disqualify him/her/them self "in any proceeding in which" his/her/their "impartiality might reasonably be questioned."[3] Section 455(b) requires a judge to disqualify him/her/their self in certain circumstances, including "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" and "a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."[4] Congress in section 455(a) "goes beyond actual bias and presumed impartiality to include an appearance of impartiality" while it, in section 455(b), requires disqualification for actual prejudice resulting from specific circumstances.[5]

The test for recusal under section 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."[6] This is an objective standard.[7] A party moving for recusal need not show actual bias because section 455(a) "concerns not only fairness to individual litigants, but, equally important, it

concerns the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted."[8]

Judges are presumed to be impartial and the party seeking disqualification has "a substantial burden and must assert 'objective facts' that demonstrate 'an appearance of impropriety.'"[9] The party seeking disqualification must show objective facts a reasonable person would use to evaluate whether there is an appearance of impropriety, not possibilities and unsubstantiated allegations.[10] We need not accept the allegations as true and may contradict them with facts drawn from our personal knowledge.[11]

There must be bias "deriving from an extrajudicial source, meaning something above and beyond judicial rulings or opinions formed in presiding over the case" to warrant disqualification under section 455(a).[12] This is because "judicial rulings alone almost never constitute a valid basis" for disqualification under section 455(a) "since they rarely evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved."[13]

A party's displeasure with our decisions does not form an adequate basis for recusal.[14] And "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[15] "[R]ecusal is not required on the basis of 'unsupported, irrational, or highly tenuous speculation.'"[16]

Congress sets a different recusal basis in section 455(b). Congress there requires recusal where a judge "has a personal bias or prejudice concerning a party, or personal knowledge or disputed evidentiary facts concerning the proceeding"[17]or where a judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial

interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."[18] Like a motion under section 455(a), we need not accept the movant's allegations as true.[19]

The Supreme Court defines "bias and prejudice" in subsection (b)(1) as a "favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree . . . ."[20]

The Supreme Court directs disqualification under subsection (b)(4) "no matter how insubstantial the financial interest and regardless of whether or not the interest actually creates an appearance of impropriety."[21] A speculative or remote financial interest does not require recusal.[22]

Mr. Mohn's motion for recusal is baseless. First, Mr. Mohn's disagreement with our decisions is not a basis for recusal under section 455(a). He must then point to some extrajudicial factor a reasonable person, with knowledge of all the facts, would conclude my impartiality might reasonably be questioned. There is no extrajudicial source that could reasonably interpreted as a basis for bias or prejudice.

Mr. Mohn asserts because I serve on the Board of Consultors at Villanova's School of Law, and because me and some of my former partners attended Villanova,[23] and because my former partners and I contributed to political candidates in the past, and because I "grew up" on the Main Line, there is an appearance of impropriety or bias or prejudice in favor of the United States and against him or a financial interest in this matter.

The reasoning employed by Mr. Mohn is unfounded.  No reasonable person would conclude my impartiality might reasonably be questioned. Mr. Mohn's assertions are entirely speculative and without factual basis; I left private practice when appointed to the federal bench

in December 2014 and have no financial interest in my former law firm and no financial interest in Villanova University, which is not a party to this lawsuit. Consistent with Canon 5 of the Code of Conduct for United States Judges, I strictly refrain from political activity, including contributing to a political organization or candidate since leaving private practice in December 2014. I did not grow up on the Main Line to the extent it is at all relevant.

There is no basis for claiming I am "antagonistic" toward litigants filing petitions for *in forma pauperis*. I suspect I have granted hundreds of motions for *in forma pauperis* to those who meet the standard set by Congress. This information is again readily available through Mr. Mohn's research.

Mr. Mohn's reliance on the Court of Appeals's recent opinion affirming us and disposing of his appeal in *Mohn II* is misplaced. The Court of Appeals affirmed our dismissal for substantially the same reasons explained in our opinion.[24] The Court of Appeals rejected Mr. Mohn's claims of misrepresentation or deceit by the Department of Education and its employees. It rejected on the merits Mr. Mohn's claim the Department of Education through some combination of fraud, misrepresentation, or deceit did not make him aware of the risk of the financial burdens of a student loan, explaining, as we did, the United States is immune from such a claim. Our Court of Appeals's decision is not a fiat for Mr. Mohn to again advance a theory already rejected on the merits nor does it demonstrate an appearance of impropriety, bias, or prejudice. The Court of Appeals only modified our judgment to dismiss the complaint without prejudice. This means Mr. Mohn could file another complaint based on another theory for which we have subject matter jurisdiction and not the theory rejected by the Court of Appeals and us.

Mr. Mohn's motion for recusal appears to have been prompted by the denial of his motion to proceed *in forma pauperis*. He explains he began "suspecting bias or prejudice due to the socio-

economic class differences" between him and me—a wholly speculative assertion—but did not file a motion for recusal until our Court of Appeals's July 3, 2023 opinion. He is unhappy with our rulings to date in this action, *Mohn I*, and *Mohn II*.

Our colleague Judge Pratter provided artful insight in rejecting a similar argument by a movant before her: "While [movant] may challenge this Court's rulings as legally erroneous—and indeed, that is why courts of appeal exist—he may not do so via a motion for recusal. Allowing a plaintiff to assert such claims in his motion for recusal would both hamstring the appellate system and permit a disgruntled party to allege the bias, prejudice, or apparent impropriety of any judge ruling against it, bouncing from court to court until at last a judge willing to rule in that party's favor is discovered. This Court will not encourage that kind of judge-shopping."[25]

Mr. Mohn fails to demonstrate our denial of his petition for *in forma pauperis* in this action or our opinions in *Mohn I* and *Mohn II* exhibit "such a high degree of favoritism or antagonism as to make fair judgement impossible."[26] He also fails to establish we based our rulings and decisions on "extrajudicial sources" or reached such a "degree of favoritism or antagonism [which is] required when no extrajudicial source is involved."[27] Mere disagreement with our decisions is insufficient for recusal. He fails to demonstrate bias or prejudice. He fails to demonstrate a financial interest in the United States or this litigation. We deny his motion for recusal.

## IV.    Conclusion

We find no reasonable basis in the speculative and largely inaccurate allegations of a disappointed college graduate to recuse us from his third complaint.  We deny the motion to recuse.

---

[1] *Mohn v. Cardona,* No. 22-773, 2022 WL 1121414 (E.D. Pa. Apr. 14, 2022); 2022 WL 704646 (E.D. Pa. Mar. 9, 2022) ("*Mohn I*").

[2] *Mohn v. Cardona*, No. 22-3535, 2022 WL 17823673 (E.D. Pa. Dec. 20, 2022) ("*Mohn II*").

[3] 28 U.S.C. § 455(a).

[4] 28 U.S.C. § 455(b)(1), (4).

[5] *Mina v. Montgomery Cnty.*, No. 18–556, 2019 WL 13109760 at *1 (E.D. Pa. Apr. 25, 2019).

[6] *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004); *United States v. Ciavarella*, 716 F.3d 705, 718 (3d Cir. 2013).

[7] *Ciavarella*, 716 F.3d at 718 (quoting *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994)); *see also Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality.").

[8] *In re Kensington Int'l Ltd.*, 368 F.3d at 302 (cleaned up).

[9] *Heckman v. City of Allentown*, No. 15-4184, 2015 WL 6690094, at *2 (E.D. Pa. Nov. 3, 2016) (citing *U.S. v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)).

[10] *Martorano*, 866 F.2d at 68.

[11] *United States v. Gedeon*, No. 21-cr-210, 2023 WL 3097651, at * 2 (E.D. Pa. Apr. 26, 2023) (quoting *Cooney v. Booth*, 262 F. Supp. 2d 494, 504 (E.D. Pa. 2003)); *Fields v. American Airlines, Inc.*, No. 19-903, 2020 WL 5943694, at * 7 (E.D. Pa. Oct. 7, 2020) (quoting *Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 872 F. Supp. 1346, 1349 (E.D. Pa. 1994)).

[12] *United States v. Bergrin*, 682 F.3d 261, 282 (3d Cir. 2012) (quoting *Liteky*, 510 U.S. at 555).

[13] *Id. See also Brown v. United States*, 823 F. App'x 97, 103 (3d Cir. 2020) (affirming denial of motion for recusal under section 455, finding the district court's "adverse decisions contain word choice, style, and tone that minimize and mischaracterize her claims" is not a basis for recusal).

[14] *Brown*, 823 F. App'x at 103; *In re Mazza*, No. 22-3053, 2023 WL 128934, at *2 (3d Cir. Jan. 9, 2023) (per curiam) (quoting *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000)).

[15] *Id.* (quoting *Liteky*, 510 U.S. at 555).

[16] *Id.* (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)).

[17] 28 U.S.C. § 455(b)(1).

[18] *Id.* § 455(b)(4).