IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN MOHN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 23-2653** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                           **December 6, 2023**

      Justin Mohn, a 2014 graduate of Pennsylvania State University, returns for the fourth time pro se to sue the United States for allowing him to borrow money to attend college without advising him he may not find satisfactory work as an overeducated white man almost ten years later. He essentially claims the United States lent him money which he needed to repay under a student loan contract beginning in late 2014 but this loan allowed him to get a college education and he cannot find a satisfactory job as an overeducated white man to repay the loan. He seeks over $10 million from the United States. We dismissed his similar complaints three times including a negligence claim.[1]

      Mr. Mohn now clarifies the "essence" of his fourth complaint is negligence; he thus disavows his multiple earlier fraud or misrepresentation claims under the Federal Tort Claims Act dismissed for lack of subject-matter jurisdiction and affirmed by our Court of Appeals. Our Court of Appeals also rejected Mr. Mohn's negligence claim premised on an alleged fiduciary duty of the United States owed to him as a borrower, explaining a creditor–debtor relationship does not give rise to a fiduciary duty.[2] But he is back. Mr. Mohn cannot state a claim for negligence. The United States as a lender through the student loan program does not have a duty to him as a borrower. We dismiss

Mr. Mohn's most recent complaint with prejudice as he cannot plead the United States as lender breached a duty to him and amendment would be futile.

I.   **Pro se allegations.**

Mr. Mohn's allegations are the same ones we dismissed three times before. Mr. Mohn and his parents agreed to repay federal student loans to pay for his college education at Pennsylvania State University.[3] And all seemed well at the start. Penn State awarded him a bachelor's degree in agribusiness management in May 2014.[4] He began paying his monthly student loan six months later.[5] But then Mr. Mohn could not find a full-time job at some unpleaded later time.[6] He obtained only part-time jobs.[7] He moved to Colorado to take a full-time job at a credit union.[8] He later accepted a full-time job with an insurance company earning a higher hourly wage.[9] He views his work post-graduate years as "malemployment."[10]

II.  **Analysis**

Mr. Mohn again brings a negligence claim against the United States directly and to hold it vicariously liable in respondeat superior or agency theories for the conduct of its unidentified "loan officers, managers, and/or other employees employed or contract[ors]."[11] Mr. Mohn alleges the United States as a lender owed him a fiduciary duty, owed him a duty of care as a government acting as a lender to its citizen, and owed him a duty created by reasonably foreseeable harm resulting from the loan.[12] He alleges the United States breached its duty "by providing a negligent loan under a negligent federal funded program."[13]

Mr. Mohn alleges the United States' negligence caused him to be malemployed while obligated to continue paying his monthly student loan repayments, creating his lack of savings and eventual debt.[14] He alleges if not for his education financed by the United States' "negligent loan," he would have had "better luck" finding and keeping a job because he would not have been

2

viewed as an overeducated white male.[15] He also alleges but for his education and weak financial position created by the negligent loan he would not have been the target of affirmative action and reverse discrimination causing his dispute with a former employer.[16] And he alleges but for the financial burden caused by the negligent loan, we would not have been forced to live paycheck-to-paycheck leading him to financial injury and emotional and mental distress.[17]

The United States moves to dismiss Mr. Mohn's complaint.[18] Mr. Mohn opposed the motion.[19] The United States construes Mr. Mohn's pro se complaint as again asserting fraud, misrepresentation, and deceit claims barred by the Federal Tort Claims Act depriving us of subject-matter jurisdiction. The United States argues Mr. Mohn's attempt to characterize his current complaint as a negligence claim is a matter of semantics to plead around what is really a fraud claim barred by the Act. The United States also argues we lack subject-matter jurisdiction and must dismiss the complaint because Mr. Mohn failed to timely exhaust his administrative remedies under the Act. The United States lastly argues even if we have subject-matter jurisdiction over Mr. Mohn's claims and even if they are timely, he fails to state a negligence claim because the United States, as a lender, does not owe him a duty and he fails to allege breach and causation required elements of a negligence claim.[20] We agree with the United States. We must again dismiss Mr. Mohn's complaint.

The United States is immune from suit unless it consents to be sued.[21] The Federal Tort Claims Act provides a waiver of sovereign immunity for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[22] The Act's waiver of sovereign immunity does

3

not apply to "[a]ny claim arising out of … misrepresentation [or] deceit …"²³ The Act also requires a plaintiff present his claim to the appropriate federal agency before filing a tort claim against the United States.²⁴

We earlier dismissed Mr. Mohn's claims on the same operative facts alleging misrepresentations and deceit by the Department of Education and its employees in extending the student loan financing his college education.²⁵ Our Court of Appeals affirmed our reasoning, finding such allegations fall squarely within the exception of section 2680(h) to the Act's waiver of immunity and the United States is immune from such claims.²⁶

Mr. Mohn responded by asserting—with the same operative facts—the "essence" of his most recent complaint is the Department of Education's negligence and represents he is ***not*** "reassert[ing] previously dismissed claims of fraudulent misrepresentation, fraudulent concealment, nondisclosure, and omission."²⁷

We turn to whether Mr. Mohn states a common law claim for negligence against the United States under the Federal Tort Claims Act. Under Pennsylvania law, the elements of a common law negligence claim require Mr. Mohn to plausibly allege: (1) the United States owed him a duty or obligation recognized by law; (2) the United States breached the duty; (3) a causal connection between the United States' conduct and resulting injury; and (4) actual damages.²⁸

Mr. Mohn cannot meet the first element, dispositive of his claim and requiring dismissal. Mr. Mohn alleges the United States "had a fiduciary duty to care [sic] since [it], ***as the lender***, encouraged [him] and other borrowers to repose special trust or confidence in its advice, thereby inducing [him] and other borrowers;" "had a duty to care [sic] as a government to one of its citizens in the social contract fortified ***by a loan agreement*** between the parties in which harm was foreseeable by any reasonable federal agency ***acting as a lender***"; and even if we do not "see [the

4

United States] as a fiduciary and do[ ] not recognize the existence of a social contract, the [United States] still owes [him] a duty to care [sic] because harm to [him] was reasonably foreseeable *from the [United States'] loan*."[29]

Mr. Mohn alleges the United States owes a duty as a lender. Our Court of Appeals already rejected a negligence claim against the United States explaining to Mr. Mohn the United States as a lender does not, contrary to his assumption, owe a fiduciary duty to him.[30] Mr. Mohn did not seem to understand a lender does not owe a fiduciary duty to a borrower under Pennsylvania Law.[31] He fails to state a claim against the United States because it does not have a duty to him as a lender. We dismiss Mr. Mohn's negligence claim.[32]

### III. Conclusion

Mr. Mohn fails to plead a negligence claim against the United States even assuming his negligence claim is properly before us. We dismiss his negligence complaint with prejudice after he has now tried twice to plead a negligence claim where the United States as a lender has no duty to him and further amendments would be futile.

---

[1] *Mohn v. Cardona*, No. 22-773, 2022 WL 1121414 (E.D. Pa. Apr. 14, 2022); 2022 WL 704646 (E.D. Pa. Mar. 9, 2022) ("*Mohn I*"); *Mohn v. Cardona*, No. 22-3535, 2022 WL 17823673 (E.D. Pa. Dec. 20, 2022) ("*Mohn II*").

We twice dismissed in *Mohn I*. Consistent with our screening obligations under 28 U.S.C. § 1915(e)(2)(B), we dismissed Mr. Mohn's earlier complaints against the Department of Education and Secretary Miguel Cardona for negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment, claims under the Higher Education Act, and Pennsylvania's Unfair Trade Practices and Consumer Protection Law. *See Mohn I,* ECF Doc. Nos. 5, 6, 10, 11, 14. We explained to Mr. Mohn the United States is immune from his common law tort claims and Pennsylvania's consumer protection law, the United States did not waive its immunity for misrepresentation claims under the Federal Tort Claims Act, and even if he could proceed under the Act, he failed to exhaust his administrative remedies. *See Mohn I*, ECF Doc. No. 10. We also explained he could not proceed on claims under the Administrative Procedure Act, 5 U.S.C. § 706, the Declaratory Judgment Act, 28 U.S.C. § 2201, the Higher Education Act, 20 U.S.C. §§ 1001–1155, the mandamus jurisdiction statute at 28 U.S.C. § 1361, and the Truth in Lending Act, 15 U.S.C. § 1650. We dismissed his amended Complaint in *Mohn I* without prejudice as to claims under the

Federal Tort Claims Act following exhaustion of his administrative remedies or for mandamus if possible. *Mohn I*, ECF Doc. No. 11.

Mr. Mohn chose not to amend his complaint in *Mohn I* and instead filed a new complaint, *Mohn II*. In *Mohn II*, Mr. Mohn for the third time sued the United States Department of Education and Secretary Miguel Cardona under the Federal Tort Claims Act. We dismissed Mr. Mohn's complaint in *Mohn II*. We explained we lack subject-matter jurisdiction over his claims of misrepresentation and deceit against the United States because it is immune from such claims and because he failed to timely exhaust his administrative remedies. *Mohn II*, ECF No. 12, 13. Mr. Mohn appealed our dismissal. The United States Court of Appeals affirmed our dismissal for substantially the same reasons as we explained in our memorandum dismissing *Mohn II*. *Mohn v. United States*. No. 23-1023, 2023 WL 4311609 (3d Cir. July 3, 2023) (per curiam). But our Court of Appeals modified our judgment dismissing with prejudice for lack of subject-matter jurisdiction to be a dismissal without prejudice. *Id.* at *2.

[2] *Mohn*, 2023 WL 4311609 at *2, n. 5.

[3] ECF No. 2 ¶ 8.

[4] *Id.* ¶ 9.

[5] *Id.*

[6] *Id.* ¶ 11.

[7] *Id.*

[8] *Id.* ¶ 12.

[9] *Id.* ¶ 13.

[10] *Id.* at ¶¶ 14, 25.

[11] Mr. Mohn also sued the United States Attorney's Office and the Attorney General of the United States. Mr. Mohn voluntarily withdrew his claims against the United States Attorney's Office and the Attorney General of the United States. ECF No. 15. He clarified he intended to sue the United States only. *Id.* We dismissed the United States Attorney's Office and the Attorney General of the United States with prejudice. ECF No. 16.

[12] *Id.* ¶¶ 18–20, 22, 24.

[13] *Id.* ¶¶ 21–23.

[14] *Id.* ¶¶ 14, 25.

[15] *Id.* ¶¶ 14, 15, 20, 24.

---

[16] *Id.* ¶¶ 13, 14

[17] *Id.* ¶ 14.

[18] ECF No. 22.

[19] ECF No. 27.

[20] ECF No. 22.

[21] *United States v. Bormes*, 568 U.S. 6, 10 (2012); *White-Squire v. United States Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010).

[22] 28 U.S.C. §§ 1346(b)(1), 2679(a).

[23] 28 U.S.C. § 2680(h).

[24] 28 U.S.C. § 2675(a).

[25] *Mohn II*, 2022 WL 17823673.

[26] *Mohn v. United States*, 2023 WL 4311609 at *2.

[27] ECF No. 27 at 6.

[28] *Klar v. Dairy Farmers of Am.*, 300 A.3d 361, 381 n. 95 (Pa. 2023).

[29] ECF No. 2 ¶¶ 18–20 (emphasis added).

[30] *Mohn*, 2023 WL 4311609 at *2, n. 4 (citing *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988)). We cannot find, and Mr. Mohn does not provide, authority imposing a duty on the Department of Education as a lender to student loan borrowers. We found several cases outside our Circuit finding no such duty on the Department of Education in its various capacities relating to the student loan program. *See Hoffmesiter v. Sec'y United States Treasury*, No. 17-889, 2018 WL 6429925, at *5, *6, *8 (D.Colo. Mar. 27, 2018), *report and recommendation adopted by* 2018 WL 6428266 (D. Colo. Apr. 11, 2018), *aff'd* 818 F. App'x 802 (10th Cir. 2020) (dismissal of a breach of fiduciary duty claim because there is no fiduciary duty between the Department of Education, among other federal entities, and borrowers to whom it loans money for higher education under federal or state law); *cf. Blanchett v. DeVos*, 490 F. Supp. 3d 26, 34-35 (D.D.C. 2020) (Department of Education does not have an affirmative duty to review all evidence in its possession before certifying an individual's debt for collection); *Winebarger v. Pa. Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1091–92 (C.D. Cal. 2019) (federal student loan servicers for Department of Education did not owe general duties of care to borrowers); *Nesselrode v. United States*, 127 Fed. Cl. 421, 431–32 (Fed. Cl. 2016) (United States did not have a contractual duty to consolidate a federal student loan borrower's loans).

---

[31] *Conquest v. WMC Mortg. Corp.*, 247 F. Supp. 3d 618, 634 (E.D. Pa. 2017) (collecting cases).

[32] Because the United States does not owe a duty to Mr. Mohn as a lender in the federal student loan program, he cannot state a claim for negligence even if his claim is outside the exception in section 2680(h) of the Federal Tort Claims Act's waiver of immunity and even if he timely exhausted his claim by presenting it to the Department of Education. We are not finding he exhausted but the United States' challenges to jurisdiction are partially based on facts outside Mr. Mohn's allegations. We dismiss with prejudice based on the inability to pursue negligence theories against the United States as the lender of student loans as our Court of Appeals already held.